T.C. Memo. 1999-245


UNITED STATES TAX COURT


EVELYNN S. STILZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16778-98.                    Filed July 28, 1999.


Evelynn S. Stilz, pro se.

<u>Linsey D. Stellwagen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


RUWE, <u>Judge</u>:  Respondent determined the following

deficiencies in petitioner's Federal income taxes:

| <u>1991</u> | <u>1992</u> | <u>1993</u> | <u>1994</u> | <u>1995</u> | <u>1996</u> |
|---|---|---|---|---|---|
| $19,477 | $4,106 | $3,746 | $3,836 | $3,814 | $3,761 |

After concessions, the remaining issue for decision is whether petitioner's gain from the sale of her residence in 1991 must be included in her taxable income for that year.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Lexington, Kentucky, when the petition was filed.

Petitioner was divorced in February 1986. Before the divorce, petitioner and her husband were joint owners of a house located at 500 Clinton Road, Lexington, Kentucky (the house). Pursuant to the divorce decree and property agreement, petitioner's ex-husband was required to convey his interest in the house to petitioner.

Petitioner timely filed a 1991 Federal income tax return. The 1991 return includes Form 2119, Sale of Your Home, which discloses that petitioner sold the house on July 2, 1991. The Form 2119 reports the amount realized on the sale as $197,142, the basis as $127,831, and the gain on sale as $69,311. Petitioner indicated on her Form 2119 that she intended to replace her house within the replacement period provided by section 1034(a).[1] Section 1034(a) provided, in general, for the

_____

[1]Unless otherwise indicated, all section references are to
(continued...)

complete nonrecognition of gain if a replacement residence having a cost at least equal to the adjusted sale price of the old principal residence was purchased within 2 years before or after the sale of the old principal residence. Petitioner did not purchase a replacement residence within the time allowed by section 1034(a).

Petitioner did not file Federal income tax returns for the tax years 1992 through 1996. Petitioner had gross income in excess of $35,000 in each of those years.

OPINION

Petitioner appears to argue that the Government is unjustly enriching itself by assessing and collecting a tax on the sale of her house because its sale and her inability to replace it were the consequences of her ex-husband's actions and his failure to provide adequate support. While we sympathize with the predicament petitioner now finds herself in, the revenue statutes provide no relief from paying tax on those grounds.

Petitioner also seems to contend that either the fair market value or the appraised value at the time of her divorce should be used as the basis of the house in computing the gain realized.

---

[1](...continued)
the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

There are two components to petitioner's basis in the house. First, as a coowner she had her share of the purchase price and cost of improvements. See sec. 1012.[2] Second, when she acquired her husband's interest in the house incident to the divorce, she took his adjusted basis in the property pursuant to section 1041(b)(2).[3] The total purchase price paid by petitioner and her

---

[2]SEC. 1012. BASIS OF PROPERTY--COST.

The basis of property shall be the cost of such property, except as otherwise provided in this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses). The cost of real property shall not include any amount in respect of real property taxes which are treated under section 164(d) as imposed on the taxpayer.

[3]SEC. 1041. TRANSFERS OF PROPERTY BETWEEN SPOUSES OR INCIDENT TO DIVORCE.

(a) General Rule.--No gain or loss shall be recognized on a transfer of property from an individual to (or in trust for the benefit of)--

(1) a spouse, or

(2) a former spouse, but only if the transfer is incident to the divorce.

(b) Transfer Treated as Gift; Transferee Has Transferor's Basis.--In the case of any transfer of property described in subsection (a)--

(1) for purposes of this subtitle, the property shall be treated as acquired by the transferee by gift, and

(2) the basis of the transferee in the property
(continued...)

ex-husband and the cost of improvements are not in dispute, and it is clear that after the divorce petitioner had acquired all the cost basis in the property.

The total cost basis, which was reported on petitioner's 1991 income tax return, is the correct amount to be used to compute petitioner's gain. See Godlewski v. Commissioner, 90 T.C. 200 (1988).

To properly account for the concessions, a recomputation of petitioner's tax deficiencies will be necessary, and

Decision will be entered

under Rule 155.

---

[3](...continued)
shall be the adjusted basis of the transferor.

(c) Incident to Divorce.--For purposes of subsection (a)(2), a transfer of property is incident to the divorce if such transfer--

(1) occurs within 1 year after the date on which the marriage ceases, or

(2) is related to the cessation of the marriage.